UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YUWSHA ALWAN, :
　　　Plaintiff, :
　　　　-v- :
　　　　　　　　　　　　　　　　　　　Civil Action No. 4:17-CV-1411
BARRY SMITH, Superintendent :
Pennsylvania Dept. of Corrections　　COMPLAINT
S.C.I. Houtzdale; P. BAUMER, :
Corrections Officer at S.C.I.
Houtzdale, Individually and in :
their official capacities,
　　　　　　　　　　　　　　　　　　:
　　　Defendants.

FILED
SCRANTON
AUG 10 2017
PER_____
DEPUTY CLERK

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff Alwan seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Alwan's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Middle District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occured.

## II. PLAINTIFF

3. Plaintiff Yuwsha Alwan, is and was at all times mentioned herein a prisoner of the State of Pennsylvania in the custody of the Pennsylvania Department of Corrections. He is currently confined in State Correctional Institution at Houtzdale, in Houtzdale, Pennsylvania.

## III. DEFENDANTS

4. Defendant Barry Smith is the Superintendent of S.C.I. at Houtzdale. He is legally responsible for the operation of S.C.I. at Houtzdale and for the welfare of all the inmates of that prison.

5. Defendant P. Baumer is a Correctional Officer of the Pennsylvania Department of Corrections who at all times mentioned in this complaint, held the rank of prison guard (C/O 1) and was assigned to S.C.I. at Houtzdale.

6. Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## IV. FACTS

7. At all times relevant to this case, Plaintiff Yuwsha Alwan was celled in cell 9 on Housing Unit C, Pod B.

8. On July 2, 2017, approx. 17:20hrs, C/O 1 P. Baumer harassed the plaintiff regarding previous greivances lodged against him resulting in retaliatory conduct. The harassment took place in dinning hall #1 (there is footage available as the plainiff requested the institution to review in grievance # 684778), C/O P. Baumer began to display spasmodic behavior once he noticed the plaintiff.

9. C/O P. Baumer began to yell in a loud apoplectic tone across the dining hall. Upon hearing C/O P. Baumer Plaintiff Alwan ignored C/O P. Baumer to avoid confrontation. C/O P. Baumer became rambunctious standing over the plaintiff in a browbeating manner.

10. While bullying the plaintiff C/O P. Baumer stated: "Hey Alwan you hear me? What happened in the past is going to stay in the past, right?!" While stating the aforementioned C/O P. Baumer presented an aura of incitement and provocation towards the plaintiff. Ultimately C/O Baumer succeeded at making the plaintiff feel intimidated and nervous.

11. C/O Baumer continued to utilize tactics to intimidate the plaintiff by fraternizing with other inmates to inquire about the plaintiff; in one instance returning a response to a greivance that was filed by the plaintiff. Plaintiff Alwan made numerous methods of resolution which consists of but not limited to: Calling the abuse line, speaking with lieutenants, captains, and the superintendent via person and through the inmate request to staff member DC-135A which led to no avail.

12. On July 6, 2017, exactly at 11:15 until 11:20hrs., the plaintiff observed C/O Baumer standing outside of his cell on the facility's compound, violently banging on the plaintiff's cell window, harassing the plaintiff. Shortly after the incident the plaintiff informed the Correctional Officer and Sergeant working the unit at that time; no one did anything about it. Thus, the plaintiff had no choice but to file a grievance (See Grievance# 686307).

13. Moreover, all of the aforementioned occurred in perennial succession, stemming from C/O Baumer's bias towards people of the Islamic faith (Muslims), as it became overwhelmingly evident on June 26, 2017, at or about 14:00 - 14:30hrs; while the plaintiff was at a religious feast (Eidul-Fitr). During the feast that took place in dinning hall #2. C/O Baumer began to harass the plaintiff and two other inmates seated with the plaintiff (Curtis Palmore #CW-4343 and Charlie Patterson #LE-2166). C/O Baumer was intimidating the plaintiff and the two inmates with him.

14. C/O Baumer was removed from dinning hall #2 by the Dinning Hall Sergeant (there is video evidence of this event as mentioned

in a response to grievance# 684778 signed by Lt. M. Swanson), many inmates witnessed him throwing salt packets at other inmates and using obscene language displaying a forceful and aggressive disposition. He continued to harass the plaintiff after he left the dinning hall (there is video evidence of this as well); while walking Plaintiff Alwan was called by C/O Baumer began to yell at the plaintiff saying: "Hey Alwan you got your meal?" "Alwan, Alwan you hear me?"

15. With regards to the aforementioned C/O Baumer took his harassment a step further by issuing a misconduct against the plaintif. The misconduct report (DC-141# C022627) presents evidence that the plaintiff stated to C/O Baumer that he was being harassed.

## V. EXHAUSTION OF LEGAL REMEDIES

16. Plaintiff Alwan used the prisoner grievance procedure available at S.C.I. at Houtzdale to try and solve the problem. On June 26, 2017, July 2, 2017, and July 6, 2017, plaintiff Alwan presented the facts relating to this complaint. On July 21, 2017, and July 24, 2017, plaintiff Alwan was sent a response saying that the grievances had been denied. The plaintiff's family has spoken to Central Office and the Secretary of Corrections. No assistance was given to the plaintiff or his family. Alwan's grievances, responses, and misconduct with inmate version is attached as Exhibits A,B,C,D,E, and F.1, F.2, F.3, and F.4.

## VI. LEGAL CLAIMS

17. Plaintiff realleges and incorporates by reference paragraphs 1-16.

18. Defendant P. Baumer abused his authority as a Correctional Officer, engaged in retaliatory conduct, and discriminated against the plaintiff's religious beliefs, while the plaintiff was innocent and free from error. Defendant Baumer's actions violated Plaintiff Alwan's rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution, and caused plaintiff Alwan pain, suffering, mental injury and emotional distress.

19. Defendant Baumer harassed and continues to harass plaintiff Alwan repeatedly when Alwan is not violating any prison rules, and was not acting disruptively in any way. Defendant Baumer's actions violated and continues to violate plaintiff Alwan's rights.

20. By witnessing Defendant Baumer's illegal action, failing to correct that misconduct, and encouraging the continuation of the misconduct, Defendant Smith is also violating Plaintiff Alwan's rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Defendant Smith has done so with the aid and support of Rebecca M. Riefer, Lt. Swanson, Hearing Examiner Nunez, and others to be named at a later date.

21. The Defendants actions were continually violative of D.O.C. policy and procedure (See D.O.C. code of ethics, section 8, paragraph 22), and violative of the United States Constitution (see Hudson v. Palmer, 468 U.S. 517, 530; White v. Napoleon, 897 F.2d 103, 11-12(3d Cir. 1990)).

22. Plaintiff Alwan has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully pray that this court enter judgement:

23. Granting Plaintiff Alwan a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States, and

24. A preliminary and permanent injunction ordering defendants Baumer and Smith to cease their harassment and retaliatory conduct toward Plaintiff Alwan, and

25. Granting Plaintiff Alwan compensatory damages in the amount of $50,000.00 against each defendant, jointly and severally.

26. Plaintiff Alwan seeks punitive damages in the amount of $50,000.00. Plaintiff Alwan seeks these damages against each defendant, jointly and severally.

27. Plaintiff also seeks a jury trial on all issues triable by jury,

28. Plaintiff also seeks recovery of his costs in this suit, and

29. Any additional relief this court deems just, proper, and equitable.

Dated: July 29, 2017

Respectfully Submitted,

*/s/ Yuwsha Alwan*
Yuwsha Alwan
#LD4969
S.C.I. at Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at S.C.I. at Houtzdale, Houtzdale, Pennsylvania on July 29, 2017.

*[signature]*
Yuwsha Alwan