IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YUWSHA ALWAN,         :
                      :
    Plaintiff,         :
                      :
    v.                 :   No.: 4:17-CV-1411
                      :
BARRY SMITH, ET AL.,   :   (Judge Brann)
                      :
    Defendants.        :

**MEMORANDUM OPINION**

**AUGUST 23, 2017**

**I.    BACKGROUND**

Yuwsha Alwan, an inmate presently confined at the State Correctional Institution, Houtzdale, Pennsylvania (SCI-Houtzdale), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Accompanying the Complaint is an *in forma pauperis* application.[1] Service of the Complaint has not yet been ordered.

Named as Defendants are Superintendent Barry Smith and Correctional Officer and P. Baumer of SCI-Houtzdale. Plaintiff alleges that during his ongoing SCI-Houtzdale confinement Defendant Baumer subjected him to retaliatory harassment including verbal threats and a false misconduct charge because of the inmate's religious beliefs and his filing of institutional grievances. It is further

---

[1] Alwan completed this Court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account.

alleged that Superintendent Smith failed to take corrective measures to prevent the mistreatment. As relief, Alwan seeks compensatory and punitive damages as well as declaratory and injunctive relief.

## II. DISCUSSION

Title 28 U.S.C. § 1391(b) provides that a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which a defendant is subject to the court's personal jurisdiction.

Plaintiff and both of the Defendants are located at SCI-Houtzdale and all of the alleged events occurred at SCI-Houtzdale. SCI-Houtzdale is located within both Clearfield County, Pennsylvania and the confines of the United States District Court for the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c).

It is equally well-settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960), specifically

recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

Based on the location of Plaintiff and the named Defendants and the nature of Alwan's allegations, it is apparent that the convenience of the parties and the interests of justice would be best served by transferring this matter to the judicial district wherein the Plaintiff is incarcerated, the Defendants are located, and the underlying events transpired.

Since the Western District of Pennsylvania is the proper forum, this matter will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

An appropriate Order will enter.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge